## Charles Diefenthaler v. Wilson S. Hall.

1. SURETIES—*Agreements to Become so on Condition that Others Will Become Co-sureties—Promissory Notes.*—Where a party signs a promissory note as surety for the principal maker, upon condition that another person will also sign such note as his co-surety, and the payee, with full knowledge of the fact, accepts the note without the signature of such other person, the party signing upon such condition is not liable on the note.

2. PRESUMPTIONS—*When it is Error to Assume that a Presumption Prevails.*—The law only presumes that all men are honest, until the evidence proves the contrary, and in cases where the burden of proof rests upon either party, it is because the presumptions of law or fact are against such party, and it is error to assume that a presumption prevails if there is evidence to rebut it.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Shelby County; the Hon. WILLIAM M. FARMER, Judge, presiding.

Heard in this court at the May term, 1901. Reversed and remanded.
Opinion filed September 11, 1901.

HAMLIN & KELLEY, attorneys for appellant.

WM. H. CRAIG and CHAFEE & CHEW, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellee upon a note for $592.26, signed by appellant and D. J. Sloan and payable to appellee. To the declaration appellant pleaded specially to the effect that he was surety, and that at the time he signed the note it was agreed that B. S. Sloan and Elijah Bass were also to sign as sureties, and that this was known to appellee. Such pleas were traversed and a trial by jury ended in a verdict and judgment for $633.76, to reverse which this appeal is brought, and it is argued, chiefly to effect such reversal, that the verdict is against the weight of the evidence, the court gave improper instructions and refused proper instructions.

The testimony of appellee and B. S. Sloan, if true, proved the allegations of the plea, and this evidence was but negatively disputed by appellee, if at all, as all that he said upon this subject was that he had no recollection of the agreement that the persons named were to be co-sureties with appellant before the note should take effect against him. If the appellee knew that the note was not to be effective until it was signed by Sloan and Bass and he accepted it regardless of these conditions, such acceptance would be at least a legal fraud against the rights of appellant. In this aspect of the case it was, therefore, requisite that the instructions to the jury should be accurate. Upon this point the fourth instruction for the plaintiff given to the jury has been strenuously objected to. That instruction is as follows:

" 4.    The court instructs the jury that fraud is never presumed but must be affirmatively proven by the party alleging the same; the law presumes that all men are fair and honest, that their dealings are in good faith and without intention to disturb, cheat, hinder, delay or defraud others;

Diefenthaler v. Hall.

where a transaction called in question is equally capable of two constructions, one that is fair and honest, and one that is dishonest, then the law is, that the transaction called in question is presumed to be fair and honest."

The first sentence of the instruction is an accurate statement of the law, but what follows is believed to be a practical nullification of it. Whether it be presumption of law or a presumption of fact that all men are presumed to be fair and honest or not, or whether, when a transaction is called in question equally capable of two constructions, one fair and honest and one that is dishonest, then the law is that the transaction called in question is presumed to be fair and honest, depends upon the evidence of the case. All that follows the first sentence of the instruction is in no manner qualified by it, and seems to be wholly regardless of the evidence. The jury might well infer that while it was necessary to prove fraud affirmatively, still the law is, that notwithstanding this and without regard to the evidence, the presumptions are that men are fair and honest, and the transaction was equally capable of being considered honest or dishonest, and therefore must be deemed honest. The vice of the instruction is that the law only presumes all men honest until the evidence proves the contrary, the qualifying clause having been omitted from the instruction. In every case where the burden of proof rests upon either party, it is because the presumptions either of law or fact are against such party, and it is always error to assume that such presumption prevails if there is evidence to rebut it. This we think the instruction under consideration did, and it was error to give it in the form in which it was given to the jury. It is also insisted the court refused to give to the jury proper instructions; but upon examination we believe all that was proper in the refused instructions was contained in those given by the court.

The judgment of the Circuit Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.